UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BOARDS OF TRUSTEES OF THE
OHIO LABORERS' BENEFITS,
                     :

        Plaintiffs,                   Case No. 2:23-cv-3772
                                       Judge Sarah D. Morrison
   v.                            :         Magistrate Judge Elizabeth
                                       Preston Deavers

FOLMAR & SON, LLC,          :

        Defendant.

## OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion seeking default judgment against Defendant Folmar & Son, LLC under the Employment Retirement Income Security Act of 1964 ("ERISA"), 29 U.S.C. § 1132. (ECF No. 12.) The Motion is unopposed. For the reasons below, the Motion is hereby **GRANTED**.

### I.   BACKGROUND

Plaintiffs are the Boards of Trustees of the Ohio Laborers' Benefits, which administers the following funds: the Ohio Laborers' District Council – Ohio Contractors' Association Insurance Fund; the Laborers' District Council and Contractors' Pension Fund of Ohio; the Ohio Laborers' Annuity Fund; the Ohio Laborers' Training and Apprenticeship Trust Fund; and Ohio Laborers' District Council – Ohio Contractors' Association Cooperation and Education Trust (collectively, "the Plans"). (Compl. Intro., ¶ 4, ECF No. 1, PAGEID # 1-2.) The Plans are responsible for collecting contributions from multiple employers to the LIUNA

Tri-Funds under a collective bargaining agreement to provide employee benefits to eligible employees pursuant to 29 U.S.C. § 1002(3). (*Id.* ¶ 5.)

Defendant Folmar & Son, LLC is an Ohio limited liability company with its principal place of business located in Westerville, Ohio. (*Id.*) Plaintiffs and Folmar & Son executed a collective bargaining agreement ("Building Agreement"). (Gaston Decl. ¶¶ 8-11, ECF No. 12-1, PAGEID # 55.) Folmar & Son also agreed to the Declarations of Trust establishing the Plans and the LIUNA Funds ("Funds Agreement"). (Ex. 3, ECF No. 12-3, PAGEID # 117.)

On November 9, 2023, Plaintiffs brought this suit against Folmar & Son, seeking to collect unpaid fringe benefit contributions, liquidated damages, and interest for June 2023 along with attorney's fees in Counts I and II. (Compl. ¶¶ 14-22.) Plaintiffs also seek injunctive relief and an order requiring Folmar & Son to make timely contributions, enjoining them from further breaches of the Building Agreement and Funds Agreement, and submitting to monthly contribution reports to Plaintiffs in Count III. (*Id.* ¶¶ 23-25.)

Under the Building Agreement and Funds Agreement, Folmar & Son was required to file monthly contribution reports, permit Plaintiffs to audit its financial records, and make hourly contributions on behalf of all employees as defined in the agreements. (Gaston Decl. ¶¶ 10-12, PAGEID # 56.) In an audit, Plaintiffs discovered that Folmar & Son failed to make timely payments to the Plan between June 2023 and July 2023. (*Id.* ¶ 13, PAGEID # 56.) Plaintiffs allege that although they demanded payment for the unpaid contribution, Folmar & Son did not pay.

2

(Compl. ¶¶ 12-13.) Plaintiffs claim that they are owed delinquent and unpaid contributions for that period and seek judgment for the amount due and owing plus interest, fees, and costs. (*Id.*)

Service was perfected upon Folmar & Son on December 29, 2023, but the company failed to appear or otherwise defend in this action. (ECF No. 4.) A non-attorney tried to file an improper Answer on behalf of Folmar & Son, which was stricken by the Court. (ECF Nos. 7, 8.) Plaintiffs applied for Default to the Clerk on January 23, 2024 (ECF No. 5), and default was entered the next day. (ECF No. 6.)

On April 29, 2024, Plaintiffs moved for default judgment.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) authorizes a court to enter default judgment against a party once default has been entered by the clerk. It provides that default judgment may be entered against a defendant who is neither a minor nor an incompetent person. Fed. R. Civ. P. 55(b)(2). In that case, the defaulting party is deemed to have admitted all of the well-pleaded factual allegations in the complaint regarding liability, including jurisdictional averments. *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006) (citations omitted); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").

While liability may be shown by well-pleaded allegations, courts must conduct an inquiry to ascertain the amount of damages with reasonable certainty. *Ford Motor*, 441 F. Supp. 2d at 846 (citations omitted). So some evidence of

damages is required. *IBEW Loc. Union 82 v. Union Lighting Prot.*, No. 3:11-cv-208, 2012 WL 554573, at *1 (S.D. Ohio Feb. 21, 2012) (quoting *Mill's Pride, L.P. v. W.D. Miller Enter.*, No. 2:07-cv-990, 2010 WL 987167, at *1 (S.D. Ohio Mar. 12, 2010)). Although courts may conduct an evidentiary hearing to determine damages, such a hearing is not a prerequisite to the entry of a default judgment if a detailed affidavit allows a decision on the record. *See Joe Hand Promotions, Inc. v. RPM Mgmt. Co., LLC*, 2011 WL 5389425 *1 (S.D. Ohio Nov. 7, 2011).

### III. ANALYSIS

Plaintiffs seek unpaid fringe benefit contributions for the June 2023-July 2023 period along with liquidated damages, interest, attorney's fees, and costs. Although Plaintiffs also requested injunctive relief in the complaint, they do not request such relief in the Motion. Plaintiffs attached a declaration from Contract Relations Manager Brian Gaston. They also attached the declaration of counsel Ryan K. Hymore to support their request for attorney's fees. (Hymore Decl., ECF No. 12-4.)

#### A. Liability

The Complaint alleges that Folmar & Son has not remitted the required payments to Plaintiffs. As an employer, Folmar & Son entered in the Building and Funds Agreement, obligating it to make certain contributions to the Plan, which fall within the provisions of ERISA, 29 U.S.C. § 1002(1) and 29 U.S.C. § 1132(g). But Folmar & Son failed to submit its required contributions for June 2023 to the Plans, and Plaintiffs are owed the unpaid contributions and costs. By failing to answer, appear, or otherwise defend against this action, Folmar & Son is deemed to have

4

admitted these allegations, which establish Plaintiffs' claims. Thus, Plaintiffs are entitled to default judgment.

### B. Damages

Turning to damages, Mr. Gaston's affidavit supports Plaintiffs' damages without an evidentiary hearing. As the funds' contract relations manager, Mr. Gaston attests that Plaintiffs performed an audit, which revealed that Folmar & Son failed to submit the required contributions for the June 2023 to July 2023 period amounting to $2,590.90. (Gaston Decl. ¶¶ 12-18, PAGEID # 56-57.) He also testifies that the Building Agreement permits a one-time 10% charge for liquidated damages for delinquent contributions and a charge of 1% interest per month for each month that the defendant is delinquent. (*Id.*) Folmar & Son owes $259.09 in liquidated damages, and $242.51 in interest. (*Id.*) Such an assessment of interest is authorized by 29 U.S.C. § 1132(g)(2). Thus, Plaintiffs are owed a total of $3,092.50 in benefit contributions, liquidated damages, and interest.

The attorney's fees sought are reasonable. Under 29 U.S.C. § 1132(g), reasonable attorney's fees and costs of the action may be paid by the defendant. When awarding attorney's fees, the Court begins by determining the requesting party's "'lodestar,' which is the proven number of hours reasonably expended on the case by an attorney," multiplied by the attorney's "court-ascertained reasonable hourly rate." *Waldo v. Consumers Energy Co.*, 726 F.3d 802, 821 (6th Cir. 2013) (quotation marks omitted). Courts use the prevailing market rate as a guideline to arrive at a reasonable hourly rate, which is the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the

5

court of record. *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004). As to reasonableness of an hourly rate, the Court considers "a party's submissions, awards in analogous cases, state bar association guidelines, and its own knowledge and experience in handling similar fee requests." *Waldo*, 726 F.3d at 821-22 (quotation marks omitted).

Mr. Hymore testifies that he worked 1.5 hours at a rate of $350 per hour, Mr. Opalich worked 5.2 hours at a rate of $235 per hour, and Mr. Sponaugle worked 8.5 hours at a rate of $255.00 per hour on this matter. (Hymore Decl. ¶¶ 3-4, 11-13, PAGEID # 118, 121.) Plaintiffs have incurred $554.27 in costs, which consist of $402 in filing fees, $120 for a process server, and $27.27 in postage. (*Id.* ¶ 13, PAGEID # 121.) The Court finds that these rates, hours expended, and costs are reasonable.

## IV. CONCLUSION

Plaintiffs' Motion for Default Judgment (ECF No. 12) is **GRANTED**, and judgment is entered in favor of Plaintiffs and against Defendant Folmar & Son, LLC in the amount of $6,661.61—i.e., $2,590.90 in principal, $259.09 in liquidated damages, $242.51 interest to date, $3,014.84 in attorney's fees, and $554.27 in court costs—plus interest at the rate of 1% per month from date of judgment.

The Court **ORDERS** Plaintiffs to provide a written status report on its injunctive relief claim in Count III of the Complaint **within seven days**.

IT IS SO ORDERED.

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**